[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this three count complaint the plaintiff claims damages arising out of an incident that took place on September 15, 1996 on premises owned by the defendant Zale, Inc. d/b/a Chubby's Restaurant.
The First Count of the complaint alleges negligence on the part of the defendant Zale, Inc. and its agent John Bernstein and CT Page 16805 the Second Count as against the Defendant John Bernstein alone likewise is grounded in negligence with the Third Count based on a claim of assault against the defendant John Bernstein.
As a result of the actions of the defendant John Bernstein individually and as agent of the defendant Zale, Inc. the plaintiff claims he sustained permanent injury to his right ear, contusions to his head, and injury to his right eye resulting in defective vision, all of which caused him to incur medical expenses and undergo pain and suffering.
The evidence adduced at the trial through several witnesses indicates that the plaintiff who was a police officer arrived at the defendant's establishment, a bar and grill, at about 9:00 p. m. on the date in question. He arrived there after spending some time previously at another bar and was drinking at both locations until about 11:00 p. m. when the incident about which he complains occurred. He had been at the defendant's bar drinking beer with friends and had consumed at that location eight to ten beers. An acquaintance by the name of Dave Knapp came in and offered to buy the plaintiff a drink. The plaintiff and Knapp knew with each other by virtue of both having had an intimate personal relationship with a female acquaintance. The plaintiff apparently took umbrage at Knapp's presence and his offer to buy him a drink, and an argument ensued which escalated into pushing and jostling between the parties. At this point, the defendant Bernstein stepped in to separate the two and avoid any further escalation of the disturbance. In the course of this, the plaintiff claims he was caused to fall and while on the floor claims Bernstein kicked him in the head causing the injuries as previously noted. The plaintiff then got up, identified himself as a police officer, hurled an epithat at Bernstein and demanded that the bartender call the police. Knapp, a Waterbury police officer, testified that the plaintiff grabbed his shirt during the course of the argument but didn't recall the plaintiff being knocked to the floor. Another witness, Joseph Primrose, testified that Knapp and Todd were both going at each other with fighting and pushing. Another witness testified that the plaintiff was before the disturbance harassing the bartender and took a swing at him. She also noted that it was in her experience a well-run bar. She also testified as to the repeated efforts of the bartender Bernstein to try to get the plaintiff to leave the premises prior to the incident. According to her, the plaintiff was rude and his conduct was bad while at the bar. CT Page 16806
Bernstein in his deposition (Def. Ex. 1, p. 14) testified that he saw the plaintiff choking another person, presumably Knapp, when he intervened and attempted to separate the two. In the course of doing this according to Bernstein both fell against the bar and he surmised that the plaintiff struck his head against the side of the bar while falling. He denied striking or kicking the plaintiff (p. 18).
It is against this factual background that the plaintiff claims he is entitled to damages by virtue of the defendant's negligence and the assault by the defendant Bernstein.
The court cannot agree with this. The court concludes that the plaintiff himself precipitated the incident which resulted in his injuries and that if there was any negligence that brought about his injuries it was largely his own which bars his recovery on that ground. As to the claimed assault, this requires a finding of an intent to deliberately or recklessly cause injury to the plaintiff and the court cannot so conclude from the evidence presented. The incident was initiated and pursued by the plaintiff and the timely intervention by the defendant was but a condition and not a cause of the plaintiff's injuries.
Judgment may enter for the defendants on the complaint.
BY THE COURT,
George Ripley II Judge Trial Referee